# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 9, 2008

135497

FRANCIS M. BOOTH,
      Plaintiff-Appellant,

v

CLINTON MACHINE COMPANY,
      Defendant-Appellee.

SC: 135497
COA: 278004
WCAC: 05-000143

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

_____/

On order of the Court, the application for leave to appeal the November 13, 2007 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

KELLY, J., dissents and states as follows:

In this case, the Court of Appeals reversed the Workers' Compensation Appellate Commission (WCAC) decision concluding that the WCAC had ignored relevant evidence supporting the magistrate's decision. I believe it was error to reverse the decision. This Court has made clear that

> [a]s long as there exists in the record any evidence supporting the WCAC's decision, and as long as the WCAC did not misapprehend its administrative appellate role (e.g., engage in de novo review; apply the wrong rule of law), then the judiciary must treat the WCAC's factual decisions as conclusive. [*Mudel v Great A & P Tea Co*, 462 Mich 691, 703-704 (2000).]

It does not appear that the WCAC misapprehended its role here. Plaintiff presented evidence that he was permanently disabled. Hence, the WCAC was entitled to rely on that evidence to find a permanent disability. It appears that the Court of Appeals reversed because it disagreed with the WCAC's view of the evidence. If so, the Court of Appeals misunderstood the standard of review.

This Court should grant leave to appeal to consider this question and, if it sees fit, modify the holding in *Mudel* to conform with its decision in this case. It should not allow inconsistent applications of *Mudel*.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 9, 2008

_____
Clerk

t0506